Argued and submitted October 4, reversed and remanded November 20, 1996

Rudolph L. GROSS,
Trustee Under Declaration of Trust
Dated March 28, 1986,
*Respondent,*

*v.*

Dennis J. PYDYNKOWSKI,
*Appellant.*

(942137; CA A89807)

927 P2d 630

Terrance J. Slominski argued the cause and filed the briefs for appellant.

C. Thomas Davis argued the cause for respondent. With him on the brief was Gleeson & Davis.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals from summary judgment in favor of plaintiff in this action requesting the court to declare a forfeiture of defendant's earnest money paid pursuant to an earnest money agreement. ORCP 47. We reverse and remand because a genuine issue of material fact exists about whether defendant's obligation to tender the balance of the purchase price was triggered.

Plaintiff (seller) and defendant (buyer) entered into an earnest money agreement for the sale of a condominium at Gearhart for $100,000. The agreement provided for earnest money of $5,000 and the balance of $95,000 on closing. The agreement provides:

> "Upon acceptance of title and delivery of deed or contract, the sum of Ninety Five Thousand Dollars ($95,000.00) * * * payable as follows: Upon Closing.

> "The [seller] shall furnish to the [buyer] in due course a title insurance policy in the amount of the purchase price of the real estate from a title insurance company showing good and marketable title. Prior to closing the transaction, the [seller], upon request, will furnish to the [buyer] a preliminary report made by a title insurance company showing the condition of the title to said property. It is agreed that if the [seller] does not approve the above sale within the period allowed Realtor below in which to secure [seller's] acceptance, or if the title to the said premises is not marketable, or cannot be made so within thirty days after notice containing a written statement of defects is delivered to [seller], or if the [seller] having approved said sale fails to consummate the same, the earnest money herein receipted for shall be refunded, but the acceptance by the [buyer] of the refund does not constitute a waiver of other remedies available to him.

> *"But if the above sale is approved by the [seller] and the title to the said premises is marketable,* and the [buyer] neglects or refuses to comply with any of the conditions of this sale within ten days from the furnishing of a preliminary title report and to make payments promptly, as hereinabove set forth, the earnest money herein receipted for shall be forfeited to the undersigned Realtor to the extent of his agreed upon commission, and the residue, if any, shall

be retained by the [seller] as liquidated damages and this contract thereupon shall be of no further binding effect." (Emphasis supplied.)

The trial court ruled that because buyer did not tender the $95,000 within ten days of the receipt of the preliminary title report, he had forfeited any interest in the property and that, pursuant to the terms of the agreement, seller was entitled to the earnest money. The trial court made the following findings in support of its ruling: (1) a preliminary title report had been delivered to the parties by mail on September 25, 1991; (2) title was marketable; and (3) seller had approved the sale. Consequently, the trial court held that buyer's failure to tender the balance of the purchase price within 10 days of September 25, 1991, resulted in the expiration of the agreement and seller's entitlement to the earnest money.

Under ORCP 47 C, summary judgment is appropriate only when the moving party can show that the pleadings, depositions and affidavits raise no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The earnest money agreement is clear and unambiguous. Under its terms, the obligation of buyer to tender the remainder of the purchase price occurs when the sale is approved by seller and title is deemed marketable. Obviously, those terms contemplate that buyer be informed that seller approved the sale before his obligation to pay the balance of the purchase price was triggered.

As part of the evidence in support of his motion for summary judgment, seller offered the affidavit of the escrow officer, who swore that she mailed a copy of the preliminary title report to buyer on September 25, 1991. In his own affidavit, seller stated, "On September 25, 1991, the said title company mailed me a preliminary title report showing marketable title, and I approved the report." In an affidavit in opposition to the motion for summary judgment, buyer says:

"I was never informed by [seller] or the title company that [seller] had approved of the preliminary title report nor was I informed that [seller] was prepared to close. [Seller] never offered to close the transaction, he did not give a deed to the

title company and not once did he ask me to close the transaction."

The trial court erred when it concluded that buyer had breached the agreement by not tendering the $95,000 within 10 days of September 25, 1991. Buyer could not be held to have breached the agreement because of his failure to tender the rest of the purchase price unless he was aware that seller was prepared to close the transaction after seller had received the preliminary title report. The evidence is in dispute on that issue, and that dispute precludes summary judgment because awareness of seller's approval of the transaction is material to buyer's obligation under the agreement to tender the $95,000.

Reversed and remanded.